UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BECKY L. KIRK,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security Administration,<br><br>               Defendant. | CASE NO.   C07-5129FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for December 21, 2007 |

     This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court REMAND the matter to the administration for further consideration.

## INTRODUCTION

     Plaintiff, Becky L. Kirk, is currently approximately 49 years old and a high school graduate. She is 5' 3" tall and weighs approximately 220 pounds. Plaintiff worked for 24 years in the bakery business and last worked for 6 years as a cake decorator. She is married and has two adult children (Tr. 314-5). Plaintiff stopped working in 1998.

     Plaintiff filed an application for social security disability benefits on April 16, 2003, alleging disability since March 15, 1998, due to neck pain, back pain with numbness, shoulder pain, bulging discs,

migraine headaches, dizziness, depression and panic attacks (Tr. 55-7, 73, 75-6).  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing.  The hearing occurred on November 9, 2005, and on March 23, 2006, the administrative law judge ("ALJ") issued a decision denying the application (Tr. 14-27).  After the Appeals Council declined review, the ALJ's decision became the administration's final decision subject to judicial review.   For purposes of disability benefits, Plaintiff's date last insured was December 31, 2003.

The Complaint in this matter was submitted to the Court Clerk on March 15, 2007, along with an application to proceed in forma pauperis and a consent to pay the filing fees if she succeeded on her claims  (Doc. 1).  Plaintiff challenges the ALJ's denial of her application for disability benefits, specifically arguing the following: (i) the ALJ failed to find that Plaintiff's mental impairments, as well as her shoulder, hand, and cervical impairments are not "severe" impairments; (ii) the ALJ failed to properly consider the law witness statements; (iii) the ALJ failed to properly consider Plaintiff's testimony; (iv) the ALJ improperly determined Plaintiff's Residual Functional Capacity ("RFC"); and (v) the ALJ erred by relying on the GRIDS as a framework for an unfavorable finding that Plaintiff was capable of maintaining gainful employment.  Defendant counters that the ALJ applied the proper legal standards and that the ALJ's findings and conclusions are properly supported by substantial evidence.

After reviewing the matter, the undersigned finds the ALJ failed to consider all of Plaintiff's severe impairments, and the matter should be remanded to allow the administration the opportunity to correct this error and reevaluate the matter accordingly.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th

Cir. 1984).

Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

In this case the ALJ summarized the medical evidence and concluded Ms. Kirk's obesity and degenerative disc disease of the lumbar spine were severe impairments (Tr. 21). The ALJ did not find any limitations to support finding that her mental impairments were severe (Tr. 21-22).

Plaintiff persuasively argues that the ALJ failed to properly consider the medical evidence at step-two. In Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996), the court of appeals discussed the inquiry to be made at step-two of the sequential disability evaluation process:

> [T]he step-two inquiry is a de minimis screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S.Ct. at 2297-98 (1987). An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28).

80 F.3d at 1290.

In Edlund v. Massanari, 253 F.3d 1152 (9th Cir. 2001), the court of appeals again addressed this issue. In Edlund, the ALJ determined that the claimant did not have a severe mental impairment, even though an examining psychologist had identified mental health diagnoses and limitations arising from the diagnoses. In rejecting the ALJ's step-two finding, the court stated:

REPORT AND RECOMMENDATION
Page - 3

> [T]he ALJ appears to have applied a more stringent legal standard than is warranted by law. We have defined the step-two inquiry as "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)). "Important here, at the step two inquiry, is the requirement that the ALJ must consider the combined effect of all of the claimant's impairments on h[is] ability to function, without regard to whether each alone was sufficiently severe." Id. Given the uncontroverted diagnosis of the examining psychologist, Dr. Bremer, as to Edlund's symptoms of agitated depression and anxiety, we believe the ALJ lacked substantial evidence for dismissing Edlund's claim of a severe mental impairment at Step 2.

253 F.3d at 1158.  In Edlund, the court concluded:

> Pursuant to the SSA's own internal procedures, once a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments or their symptoms affect his ability to perform basic work activities. Social Security Ruling ("SSR") 96-3p; SSR 96-7p. If he meets this burden, the ALJ must find that the impairment is "severe" and move to the next step in the SSA's five-step process. SSR 96-3p (emphasis added).

253 F.3d at 1159-60.

This case is similar to the Edlund case, in that the ALJ here also found that Plaintiff did not suffer from any severe mental impairment and the ALJ failed to consider the combined effect of all of her impairments at step-two.   It is not the court's role to reconsider the evidence in this case, but it is helpful to point out that the evidence produced by Plaintiff, particularly with regard to her mental impairment, appears to satisfy the burden of showing her mental impairment would "more than minimally" affect her ability to perform work.   Plaintiff specifically argues the ALJ failed to properly consider evidence that her severe impairments should have also included a cervical spine impairment, shoulder impairment, and depression/anxiety.  Plaintiff cites the following medical evidence to support her argument:

Cervical Spine

2/1/02 - Car Accident: Tr. 142-3, 324. X-rays showed DDD at C5-6, C6-7. Tr. 149.

3/22/02 - Neck & low back pain treatment at ER. Tr. 142-4.

9/20/02 - Chronic neck pain reported to Dr. Anderson. Neck pain worsening upon looking up or to the left. Pain often radiates into shoulder. Assessments: Left paraspinal and trapezius muscle spasm; left SI joint pain and sciatica. Tr. 214.

9/24/02 - Kitsap Physical Therapy: referred by Dr. Anderson due to 6 month history of left neck and shoulder pain. Tr. 183.

11/5/02 - Dr. Anderson indicates: exam of neck revealed decreased paraspinal muscle spasm, as well as decreased trapezius spasm, but "still has some mild spasm in the lateral trapezius." The assessment was  improved neck and shoulder pain; static back pain. Osteoarthritis opined. Tr. 213

11/29/02 - Cervical MRI- moderate foraminal narrowing C5-6, mild spondylosis causing mild spinal stenosis C4-5, C5-6, C6-7, C7-T1 and mild thecal sac deformity due to spondylosis at C2-3, C3-4. Tr. 209-210.

3/9/04 - Dr. Merifield notes chief complaints of low back and left leg pain, but secondary complaints of neck and upper back pain with radiation into her arm with occasional tingling of her 3,4,5 digits on the left with no specific weakness. Tr. 268.

8/23/04 - Dr. Kain finds hip bursitis and neck pain reported which will be evaluated at a future appointment. Tr. 247.

8/31/05 - Cervical MRI-DDD at C5-6, C6-7 w/moderate spondylosis on left causing foraminal stenosis on right; left foraminal stenosis At C3-4 due to spondylosis and hypertrophic facet arthropathy and mild foraminal stenosis on left at C4-5. Tr. 277.

3/8/05 - Dr. Merifield administers cervical steroid injection and diagnoses cervical spondylosis, cervical spinal stenosis and left cervical radiculitis. Tr. 260.

Shoulder Pain:

7/11/98 - Low grade right shoulder pain reported. Tr. 138-9.

9/20/02 - Dr. Anderson notes pain radiates from neck to left shoulder. Tr. 214;

9/24/02 - Kitsap Physical Therapy: referred by Dr. Anderson due to 6 month history of left neck and shoulder pain. Tr. 183.

11/5/02 - Improved neck and shoulder pain after PT. Dr. Anderson opines osteoarthritis. Tr. 213;

5/5/03 - MRI- inflammation or scarring of the supraspinatous tendon was noted with adhesive capsulitis as a consideration. Tr. 205; Dr. Anderson thought the MRI showed tendonitis without a tear. Tr. 202.

8/28/03 - Diagnosed with persistent left shoulder pain by Dr. Anderson. Naprosyn prescribed.Tr. 196.

9/25/03 - Dr. Anderson noted shoulder and low back pain with occasional HAs. Tr. 281.

Depression/Anxiety:

3/15/98 - Kitsap Family Medicine: treatment for panic attacks, agoraphobia and hives. Tr. 140-1.

5/15/98 - Panic attacks with agoraphobia assessed; Paxil prescribed. Tr. 140.

7/11/98 - Panic symptoms improved. Tr. 138-9.

9/21/00 - Depression improved. Tr. 136

9/13/02 - Depression reported; Zoloft restarted. Tr. 253.

8/28/03 - Diagnosed-increasing symptoms depression. Zoloft was changed to Effexor for depression Tr. 195-6.

9/25/03 - Dr. Anderson notes increasing depression and anxiety with impacts on sleep,

REPORT AND RECOMMENDATION
Page - 5

> concentration, fear of being in a car. Assessed: Hypertension; "Persistent Symptoms of Depression with Anxious Features." Tr. 281.3
>
> 5/2/06 - Dr. Neims' psychological evaluation finding significant mental limitations. Tr. 296-308.

Plaintiff's Reply Brief (Doc. 16) at 13 (footnotes omitted). The court notes that most of this evidence was produced prior to Plaintiff's date last insured.

There is no evidence in the ALJ's decision indicating he considered or weighed this evidence noted above in combination to determine Plaintiff's "severe" impairments at step-two in the evaluation process. Accordingly, the undersigned finds the ALJ failed to properly consider Plaintiff's "severe" impairments. The step-two error by the ALJ requires that the matter be remanded for further consideration.

The undersigned does not address Plaintiff's remaining arguments. The step-two error renders the ALJ's findings at steps three, four, and five invalid. On remand the administration should reconsider the evidence and the ALJ's findings at steps two through five of the administrative process. On remand a different ALJ should be assigned.

## CONCLUSION

Based on the foregoing discussion, the Court should REMAND the matter to the administration for further review. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 21, 2007**, as noted in the caption.

DATED this 28th day of November, 2007.

 */s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge